24 N Y 2d 130, 133). Defendant could not be expected to know, without advice from assigned counsel, the time in which an appeal must be filed or the manner in which an appeal is taken — advice which the rule stated must be given to defendant. Thus, the rule provided the safeguards which *Montgomery* prescribed as necessary to effectuate the responsibility of the State to an indigent defendant. Accordingly, it follows that when the safeguards are not obeyed the defendant's rights are infringed and he is entitled to be restored to the position in which he was at the time of sentence. I do not think that the rule allows any scope to speculate whether defendant was prejudiced by the lack of compliance with its provisions. It is enough that defendant may have been prejudiced. Here, the defendant could not have had a review of the orders denying the motions to dismiss the indictments, to suppress evidence and for a discovery and inspection without an appeal from the judgment of conviction. The denials of these motions may well have stripped him of his opportunity to defend effectively the charges against him. I would therefore reverse and remand defendant for resentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON WILLIAMS, Appellant.— In two *coram nobis* proceedings, defendant appeals from the two orders of the Supreme Court, Queens County, dated September 11, 1968 and February 27, 1969, respectively, which denied the applications without a hearing. Order of September 11, 1968 affirmed. No opinion. Order of February 27, 1969, reversed, on the law, and proceeding which resulted in that order remanded for a hearing and a new determination. In our opinion, the petition alleged facts sufficient to warrant the granting of a hearing limited to the sole question of whether the complaining witness' in-court identification was "tainted" by the pretrial identification; the People must establish "by clear and convincing proof" that the identification was based upon observations of the suspect other than the police station identification (*People* v. *Ballott,* 20 N Y 2d 600, 607). Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT WILLIAMS, JR., Appellant.— Order of the Supreme Court, Kings County, dated January 20, 1967, affirmed (*People* v. *Nicholson,* 11 N Y 2d 1067, cert. den. 371 U. S. 929; *People* v. *Martin,* 32 A D 2d 927). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT WILLIAMS, JR., Appellant.— Order of the Supreme Court, Kings County, dated March 22, 1965, affirmed (see *People* v. *Henzey,* 24 A D 2d 764). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD JOHN WINKLER and WILLIAM JOSEPH ACKERMANN, Appellants.— Two judgments of the County Court, Westchester County (each as to a respective one of the defendants), both rendered March 29, 1968, affirmed. No opinion. The intermediate orders were reviewed on the appeals from the judgments. Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIA BISHOP on Behalf of STEPHEN J. BISHOP, an Infant, Respondent, v. EUGENE BISHOP, Appellant.— In a habeas corpus proceeding for custody of the parties' infant child, the appeal is from two orders of the Family Court, Kings County, dated June 17, 1968 and April 18, 1969, respectively, both of which awarded custody to petitioner, for one year in the first order and without limitation in the second order. Appeal from the order dated June 17, 1968 dismissed, without costs. That order was superseded by the order dated April 18, 1969.